Ruth D. Vogel, J.
Defendant is charged with violating subdivision 32 of chapter 8 of the Ordinances of the City of Tonawanda, providing, ‘1 It shall be unlawful for any owner, operator or driver of a taxicab, as herein defined, to operate or permit the operation of a taxicab not licensed in accordance with the provisions of this ordinance.” (Italics added.) “ Taxicab ” is defined by subdivision c of section 1 to mean and include any vehicle engaged in the business of carrying persons for hire. Subdivision e of section 1 defines taxicab licenses to mean and include permission granted to the holder of said license by the City of Tonawanda to Tceep and use for hire a taxicab in such city.
The law is well established that, subject to the Constitution and general laws of the State, subdivision 13 of section 20 of the General City Law empowering a city to regulate and license occupations and businesses for the purpose of maintaining order, enforcing laws, protecting property and caring for the safety, health, comfort and general welfare of the inhabitants and visitors thereto, includes motor vehicles for hire generally referred to as taxicabs. Regulation under this power must be for the avowed protection of the public health, safety and welfare and must be of real and substantial relation to these objects.
The ordinance before us provides certain standards that must be met by an applicant for the necessary license. The license is defined as applying to the Tceeping and using for hire a taxicab in such city. The ordinance is reasonable and clear. Its application is carefully and validly restricted to taxicabs ‘ ‘ kept and used in such city ’ ’. The ordinance on its face is valid; the rules of construction presume its constitutionality. The ordinance can be and should be interpreted to sustain its constitutionality.
The People’s contention that the instant ordinance prohibits a taxicab licensed in an adjoining municipality from the use of the streets of Tonawanda would require that such taxicabs not be allowed to enter the city unless also licensed in Tonawanda. *557 Such an interpretation would result not only in an unreasonable restraint of the flow of vehicular traffic, but would also serve to eradicate competition and discriminate against nonresident businesses, restricting the taxicab business solely to Tonawanda companies. This was not and cannot be the intent of a valid ordinance.
The People contend that they do not desire to restrict the entry of the vehicle to deliver a passenger but only to restrict its entry into the city to pick up a passenger. If the vehicle is permitted to use the streets without a Tonawanda taxicab license for the first purpose it must also be permitted to use the streets for the second purpose. It is ludicrous to attempt to differentiate the purpose of the use of the streets of the city, as a basis for the determination of the necessity for a license. ‘1 Doing business within the corporate limits of the city ’ ’ is not the mere vehicular use of the streets. A 1952 opinion of former Tonawanda City Attorney Boland Baxter stated “ The power to 1 regulate and license occupations and businesses,’ granted by this paragraph is clearly limited to the territory included within tíre City. A taxicab hired outside of the City and delivering passengers in the City is not doing business in the City. A taxicab called into the City for the purpose of taking a specific fare from the City is not doing business in the City. In neither case is a license required since the business of hiring is done outside the city and is therefore not subject to regulation by City ordinance. ’ ’ The ‘ ‘ Taxicab License ’ ’ under the present ordinance is defined to mean permission to keep and use a taxicab in such city. The ordinance is therefore restricted to those taxicabs which are kept in the city, i.e., to those companies whose place of business, point of origin and place of hiring are within the city limits.
The evidence presented by the police officer’s testimony, that defendant operator drove the red and white cab from the Tonawanda Library with a fare, failed to establish that the defendant’s cab required a Tonawanda taxicab license. Defense testimony, that the Bed and White Cab Company is located on Oliver Street in North Tonawanda, that the defendant entered Tonawanda to call for-a North Tonawanda resident employed in Tonawanda and that the company and the fare had entered into an agreement for her transportation to and from her North Tonawanda residence and her Tonawanda place of employment, clearly establishes the fact that the taxicab in question is not kept and used in Tonawanda and does not fall within the application of the ordinance.
The charge is dismissed and the defendant discharged.