*715 OPINION OF THE COURT
Per Curiam.
Order dated January 14,1983 reversed, on the law and on the facts, and defendant’s motion to dismiss the accusatory instruments is denied.
The issue in this appeal is whether defendant, a chauffeur for a limousine service whose offices are located in Floral Park, Nassau County, demonstrated a jurisdictional impediment to the People’s prosecution of him for (1) knowingly operating a limousine not licensed by the New York City Taxi and Limousine Commission for hire in New York City, and (2) being himself unlicensed by the Commission to drive such limousine (Administrative Code of City of New York § 2306 [b], [d]). Defendant contends the vehicle in question was not operated “for hire” in New York City, and consequently, the Commission lacks power to license him or prosecute him. We disagree.
Administrative Code of the City of New York § 2306 provides in pertinent part:
“b. Any person who shall permit another to operate or who shall knowingly operate or offer to operate for hire any vehicle as a * * * limousine *** in the city, without first having obtained an appropriate license therefor, shall be guilty of a violation hereof, and upon conviction in the criminal court shall be punished by a fine of not less than two hundred dollars or more than five hundred dollars or imprisonment for not more than sixty days, or both such fine and imprisonment * * *
“d. Any person, not having been duly licensed hereunder as a driver * * * and who * * * drives or operates for hire a licensed vehicle in the city, shall be guilty of a violation hereof, and upon conviction in the criminal court, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars or imprisonment for a term not exceeding thirty days, or both.”
Defendant, employed by All Island Chauffeur & Limousine Sérvice doing business as Edward’s Limousine Service (ELS) as a chauffeur was issued two summonses by an inspector of the Commission on the morning of March 22, 1982, when, in response to a call to ELS from a customer at the Plaza Hotel in New York City, he arrived at the hotel to pick up the customer *716 and his party. According to its vice-president and managing agent, ELS “provides transportation to the general public of New York City and the surrounding metropolitan area in response to telephone calls to its place of business in Floral Park” (Nassau County). Moreover, ELS advertises in “periodicals that are circulated within New York City.” It is undisputed that ELS advertises in the New York City yellow pages and has a local city telephone listing for the convenience of its customers.
Asserting that “at no time while waiting outside the Plaza Hotel and/or using the streets of the City of New York, was I soliciting business for Edward’s Limousine Service”, defendant moved to dismiss the charges pursuant to CPL 170.30 (1) (f). He was supported by his employer’s affidavit which, relying on People v Ethridge (29 Misc 2d 215 [Sup Ct, Nassau County 1961]), averred that neither Lopez in particular, nor ELS employees in general, solicit business or accept hails from passengers while using city streets. It was further argued that the customer’s call was made to ELS’s offices, located outside city limits in Nassau County, and thus, the hiring did not take place in New York City. Predicated on these alleged facts, defendant contends that, as a matter of law, the ELS vehicle was not “for hire in the City”. Defendant also argues that the city’s imposition of licensing requirements violates the commerce clause of the Federal Constitution.
The Criminal Court held that advertising in the local phone book and maintenance of a local telephone number does not sufficiently establish a required element of criminal guilt, that the limousine in question was for hire in New York City. The court was of the further opinion that it would be unjust ánd unwise to require the licensing of limousines transporting persons from places within New York City to places presumably without the city, when the city did not object to the dismissal of the charges in a companion case involving the transportation of persons from places outside the city to places inside the city.[1]
Contrary to the conclusion reached by the Criminal Court, we find in this record sufficient nexus between defendant, his employer, the vehicle, and the City of New York to render the vehicle operated by the defendant as one operated “for hire in the city”, and, following therefrom, jurisdiction upon the city to *717 issue the accusatory instruments in question for alleged violation of its local laws. Not only does defendant’s employer, ELS, solicit the patronage of the general public of New York City by advertising its service within New York City and providing a New York City telephone number for the convenience of its prospective customers, but here, the customer telephoned ELS from the Plaza Hotel in New York City, presumably requesting limousine service; and ELS’s promise to perform such service was communicated over the telephone to, and heard by, the customer in New York City. Moreover, defendant performed that promise in part by driving into and upon the streets of New York City at his employer’s direction, and picking up the customer and his party at the hotel.
The City of New York has a legitimate interest to provide to persons within its borders safe and reasonably priced limousine service (Bakalar v Lazar, 71 Misc 2d 683). Thus, in our view, local legislation imposing licensing requirements on limousine services and their chauffeurs is authorized where, as here, the patronage of customers is solicited within the city, the contract of hire is negotiated and performed at least in part within the city, and the service performed consists of transporting customers from points of origin in the city to their ultimate destination (General City Law § 20 [13]; Bakalar v Lazar, supra). That being the case, defendant’s motion to dismiss the accusatory instruments should have been denied (cf. People v Chimino, 39 Misc 2d 555).[2]
The case of People v Ethridge (29 Misc 2d 215, supra), cited by defendant for the proposition that the solicitation here must actually take place “on the streets”, is not to the contrary. The “on the streets” language of Ethridge was contained in a village ordinance of the Incorporated Village of Hempstead, a different jurisdiction, and concerned taxicabs. By contrast, the Administrative Code provisions in question contain no such language concerning limousines. Limousines, by definition, are not permitted to accept hails “in the street” while taxicabs are (Administrative Code § 2302 [g], [¿]).
*718 Nor is Criminal Term’s sua sponte equal protection-discriminatory enforcement point persuasive. The related prosecution, in which the city acquiesced in dismissal of the accusatory instrument, did not arise from similar facts. The different treatment of these two cases by the city was not demonstrably irrational; no suspect class was shown to be involved; and the regulation here is admittedly concerned with economic interests (City of New Orleans v Dukes, 427 US 297). Defendant’s contentions regarding the commerce clause lack- meiit. The United States Supreme Court has held the commerce clause inapplicable to intrastate livery (Buck v California, 343 US 99).
In determining that a jurisdictional impediment to this prosecution has not been shown to exist, we do not imply that defendant must ultimately be found guilty. The issue of culpability, i.e., whether as an employee defendant “knowingly” operated an unlicensed vehicle (Penal Law § 15.15), is not a jurisdictional impediment, but a matter for the trier of fact, before whom the prosecutor has the burden of proof.
Hughes, J. P., Sandifer and Parness, JJ., concur.

. The record does not demonstrate whether the passengers in the vehicle in question were to be discharged within, or outside of, the City of New York.

. ' In so holding, we also note the language of CPL 20.60: “For purposes of this article: 1. An oral or written statement made by a person in one jurisdiction to a person in another jurisdiction by means of telephone communication, mail or any other method of communication is deemed to be made in each such jurisdiction.”
We do not apply this provision as the case sub judice deals with a local law rather than a State law (CPL 20.20,20.40) and the CPL provision, if so applied, would bear on the substance of the offense (CPL 1.10 [1] [b]). However, its language is instructive as to the legislative intent in determining, as a matter of policy, the locus of the telephone negotiations for the hiring of the vehicle in question as New York City.